532

## MILLAR BROS. & CO., Inc. v. PENNSYLVANIA R. CO.

No. 13017.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1952.

Einhorn & Schachtel, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., Sam D. Parker, Kansas City, Mo., for defendant.

GRIM, District Judge.

This is an action brought under the Carmack amendment[1] to the Interstate Commerce Act[2] by Millar Bros. & Co., Inc., a Philadelphia meat processor incorporated in Pennsylvania, against the Pennsylvania Railroad Company, the initial carrier, to recover damages for the loss of a carload of corned beef shipped from Philadelphia in July of 1951 and consigned to Oakland, California. As a result of the July 1951 flood, which inundated the Santa Fe Railway Company's Argentine Yards in Kansas City, Kansas, where the shipment, then in the possession of the Santa Fe, was stopped in transit, the carload of meat was so damaged that it had to be condemned by the United States and Kansas City public health authorities.

Defendant's Answer admits every material allegation of the Complaint, except the allegation as to the value of the shipment, and sets forth the single affirmative defense under Section 1(b) of the uniform bill of lading that defendant is not liable "for any loss * * * or damage * * * caused by the Act of God * * *" Thus, the only issues remaining to be tried are (1) whether the flood in which the shipment was destroyed constituted an Act of God that would relieve the defendant of liability and, if not, (2) the amount of plaintiff's damages.

Immediately after filing its Answer, defendant filed this motion for transfer of the case under 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Missouri, Western Division, located in Kansas City, Missouri.

The question is whether "for the convenience of parties and witnesses, in the interest of justice,"[3] this court in the exercise of its discretion should transfer the present action to the district court in Kansas City, Missouri, "where it might have been brought."[4,5]

Defendant's principal argument[6] in support of its motion for transfer is that in

1. Act of June 29, 1906, c. 3591, Sec. 7, 34 Stat. 593, as amended, 49 U.S.C.A. § 20.

2. Act of Feb. 4, 1887, c. 104, Pt. I, Sec. 20, 24 Stat. 386.

3. 28 U.S.C. § 1404(a).

4. Id.

5. See Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687.

6. Set forth in Defendant's Supporting Affidavit and in its briefs.

order to prove its Act of God defense it will have to bring into court forty witnesses, all of whom reside within sixty miles of Kansas City, Missouri, and twenty-eight of whom are "essential" to the proof of the defense. These twenty-eight "essential" witnesses consist of eight Santa Fe employees, six officers of the Corps of Army Engineers, two Weather Bureau officials, six city officials, two Kaw Valley Drainage Board members, and four private citizens who are civil engineers and photographers. Furthermore, defendant contends, if the trial is held in Kansas City, Missouri, it could avail itself of the opportunity to call as witnesses twelve civic leaders and businessmen of the twin Kansas cities who have personal knowledge of facts material to the defense. Some of their testimony would admittedly be merely corroborative of other testimony in the case.

I am not convinced of the necessity or the desirability or even the probability of defendant's calling to the stand this great array of forty prospective witnesses or even its twenty-eight "essential" witnesses, regardless of where the case is tried. A large part of this testimony, especially that which is merely corroborative, can be obtained and presented by means of depositions to the jury [7] in a Philadelphia trial.

According to the affidavit [8] of plaintiff's president, his testimony and the testimony of several of plaintiff's employees are necessary to the proof of its case in chief; and for plaintiff's rebuttal the testimony of its traffic manager as well as the testimony of several independent traffic experts and meteorologists residing in this area will be necessary. The affidavit also states that both plaintiff's president and traffic manager are very important to the operation of plaintiff's business in Philadelphia.

Defendant has cited as authority for the transfer of the present case two cases in which the United States District Court for the Northern District of Illinois, Eastern Division (in Chicago, Illinois) ordered the transfer to the District Court for the Western District of Missouri, Western Division (in Kansas City, Missouri) of suits for damage to meat shipments caused by the same Kansas City flood involved in the present case. Neuhoff Bros. Packers v. Chicago, B. & Q. R. Co., N.D.Ill.1951, C.A. No. 51 C 1579 [9]; Little Rock Packing Co. v. Chicago, B. & Q. R. Co., N.D.Ill.1951, C.A. No. 51 C 1578.[9]

These two Chicago cases are clearly distinguishable from the present case. In neither of the Chicago cases was suit brought in the district of the plaintiff's residence. In the present case suit was brought in Philadelphia, the Eastern District of Pennsylvania, where plaintiff has its principal and only place of business and where the shipment originated. In the Neuhoff Bros. case, where the livestock shipment originated in Sioux City, Iowa, and was destined for Dallas, Texas, plaintiff, the consignee of the shipment, was a resident of Dallas, Texas, and brought suit in Chicago. In the Little Rock case, where the livestock shipment also originated in Sioux City, Iowa, but was destined for Little Rock, Arkansas, plaintiff, the consignee, was a resident of Little Rock and brought suit in Chicago.

In the Neuhoff Bros. and Little Rock cases it was obviously more convenient and less expensive for the plaintiffs, as well as for the defendant, to try the actions in Kansas City, Missouri, rather than in Chicago, since Kansas City is closer than is Chicago to the plaintiffs' respective residences in Dallas and Little Rock. For the present plaintiff a trial in this district, where plaintiff's business establishment is located, would obviously be more convenient and less expensive than a trial in the Western District of Missouri.

Having considered the pleadings, affidavits, briefs, and oral arguments, I conclude that the inconvenience and expense to defendant of a trial in Philadelphia would be no greater than the inconvenience and expense to plaintiff of a trial in Kansas City, Missouri. In the exercise of my discretion, therefore, I will deny the motion for transfer.

7. Plaintiff has filed a timely demand for a trial by jury.

8. Affidavit In Support Of Plaintiff's Answer To Defendant's Motion For Transfer.

9. No opinion for publication.

534

And Now, August 19, 1952, in accordance with the foregoing opinion, it is ordered that defendant's Motion for Transfer be and the same is hereby denied.